[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION FOR ALIMONY PENDENTE LITE
The plaintiff-wife has moved this court for alimony pendente lite in the above matter.
The court heard oral argument which consisted of testimony by the plaintiff only. The defendant did not testify, but did offer exhibits through the plaintiff's testimony.
Having considered the evidence and testimony as well as the criteria of Sections 46b-81 and 46b-82 of the General Statutes, the court makes the following findings and orders.
The parties have been married for more than 31 years. For 18 years the plaintiff was the bookkeeper of the defendant's sole proprietor plumbing business. She testified that the annual gross revenue of that business had been between $120,000.00 and $150,000.00. On cross examination, she conceded that during the years 1995, 1996 and 1997, the parties filed joint federal income tax returns indicating that their adjusted gross income was $33,047.00, $39,189.00 and $39,869.00 for those years, CT Page 12914 respectively (Deft. Ex. 1, 2 and 3). She testified that she merely signed those returns and never really examined them. She also testified upon cross examination that she realized that the $120,000.00 to $150,000.00 figure represented gross sales and income to the business and that the net income to the business was considerably less.
The plaintiff testified that the defendant gave her $75.00 per week for household expenses.
At the time of the hearing, the plaintiff was employed by Club Demo Service as a sales advisor (Costco). Her job was cooking and handing out food samples in the store. She further testified that due to health problems, including asthma, high blood pressure and depression, she was limited in the number of hours which she could work. There was no expert medical testimony offered in regard to her health. She stated that she turned down a full time position with her company because it would have required her to transfer to Michigan. Her financial affidavit indicates that at the time of hearing she was earning $189.14 for part time work and was netting $157.68. She claimed $318.92 per week in expenses. Many of which were costs to maintain the marital residence.
The defendant's financial affidavit filed at the time of the hearing indicated a gross weekly income from employment of $320.77 and a net of $257.27 He also listed income of $206.00 per week from interest and dividends on stocks, bonds, mutual funds and bank accounts which he valued at more than $385,000.00.
The court orders the defendant to pay to the plaintiff the sum of $150.00 per week as alimony pendente lite. That order is made retroactive to December 7, 1998, approximately 42 weeks ago.
The defendant is ordered to pay any accrued arrearage at the rate of $50.00 week until any such accrued arrearage is paid off. The total effective order until that time is, therefore, $200.00 per week.
In addition, the defendant is ordered to pay all of the weekly expenses recited on his financial affidavit which relate to the cost and maintenance of the marital residence as pendente lite alimony.
By the Court, CT Page 12915
Joseph W. Doherty, Judge